# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A.<br>                      *Plaintiff,*<br>      v.<br>MARK W. GREEN &<br>LETITIA GREEN.<br>                      *Defendants.* | CIVIL ACTION NO. 3:10-CV-67<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the court upon consideration of Defendants' motion to enforce an alleged settlement agreement, or in the alternative to continue summary judgment proceedings. (docket no. 18). A hearing on the matter was held on March 4, 2011. For the reasons given herein, and as set forth more fully below, the motion will be denied in part and granted in part. Insofar as the motion seeks to enforce an alleged settlement agreement it will be denied without prejudice. However, the deadline for Defendants to file a response to Plaintiff's motion for summary judgment will be continued for a period of ten days.

## I.

Plaintiff brought this action to enforce rights under, *inter alia*, a guaranty agreement between Plaintiff, Defendants, and Rivanna Plaza, LLC. As Plaintiff filed a motion for summary judgment on February 2, 2011, the pretrial order required Defendants to respond by February 16, 2011. Two days prior to the deadline, counsel for the Defendants called the clerk's office to inform the court that a settlement was pending, and that counsel would therefore not file a response to the motion for summary judgment within the deadline. On February 23, 2011,

Defendants filed the instant motion, claiming that a settlement agreement, evidenced by a series of e-mails between counsel for the parties, had been reached.

Under Virginia law, "it is well settled that a compromise made by an attorney without authority . . . will not be enforced to the client's injury . . . ." *Walson v. Walson*, 556 S.E.2d 53, 56 (Va. Ct. App. 2001) (quoting *Singer Sewing Machine Co. v. Ferrell*, 132 S.E. 312, 315 (Va. 1926). The attorney's authority to settle a case may be actual or apparent. *See Dawson v. Hotchkiss*, 169 S.E. 564, 566 (Va. 1933). As Plaintiff's counsel has represented that he lacked actual authority to enter the alleged agreement, and there is no evidence to the contrary, the court will only consider whether counsel had apparent authority.

An attorney does not acquire apparent authority to settle a case "by mere virtue of his retainer . . . ." *Dawson*, 169 S.E. at 565. This rule complements the general principle that settlement decisions are left in the client's hands. *See* Va. Rules of Prof'l Conduct 1.2 and 1.4. While an attorney cloaked with apparent authority may settle a case, such authority must derive from the manner in which the client holds the attorney out to third persons. *Singer*, 132 S.E. at 315. In *Singer*, the Supreme Court of Virginia found that plaintiff's counsel had apparent authority to settle a case because he "consulted with his client relative to the compromise in the presence of the defendant and returned with assent." *Id.* at 314. In contrast, in *Walson*, the Virginia Court of Appeals concluded that an attorney lacked apparent authority to bind his client to a divorce settlement:

> [W]e find [the record] devoid of any verbal or nonverbal representations by wife that could reasonably lead husband or [his attorney] Schell to conclude that [wife's counsel] Byrd had wife's authority to sign the final property settlement agreement on her behalf. The record discloses no direct communications between wife and husband or between wife and Schell regarding Byrd's authority. Through her conduct, wife plainly held Byrd out as possessing the authority to conduct settlement negotiations on her behalf. She permitted him to attend the two negotiation meetings and to relay her offers and

counteroffers. However, nothing in the record indicates that wife held out Byrd as possessing the authority to execute the final property settlement agreement on her behalf.

556 S.E.2d at 56-57. Unlike in *Singer*, and as in *Walson*, there is no evidence before the court that Plaintiff made any verbal or nonverbal representations that Plaintiff's counsel had authority to enter a settlement agreement. Under Virginia law, it is not sufficient that Plaintiff's counsel was an attorney, retained by Plaintiff, and authorized to negotiate.

Accordingly, the court must conclude that no settlement has been reached.

**II.**

Defendants' motion also asks that the court continue the summary judgment proceedings in this case for an unspecified time. Opposing any such continuance, Plaintiff suggests that Defendants are estopped from contesting the motion for summary judgment because they have "judicially admitted their liability. . . ." Pl.'s Resp. at 5. To the extent this claim relies on evidence of the alleged settlement, the court may not consider it. Fed. R. Evid. 408.

Federal Rule of Civil Procedure 6(b)(1)(B) permits the court to grant an extension of time after a deadline has passed, on motion of a party, provided that the party failed to act because of excusable neglect. Here, it is apparent that Defendants did not timely file a response to Plaintiff's motion for summary judgment because the parties believed that they had either settled, or were on the cusp of settlement. As good cause has been shown, the continuance will be granted. Defendants will have ten days from the date of this opinion to file a response to Plaintiff's motion for summary judgment.

The Clerk of the Court is directed to send a certified copy of this opinion to all counsel of record.

Entered this \_\_7th\_\_ day of March, 2011.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE